# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| GRACIE ATKINSON,<br><br>    Petitioner,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Respondent, | Case No.: 1:18-cv-00331-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

    Pending before the Court is Petitioner Gracie Atkinson's Complaint/Petition for Review (Dkt. 1), seeking review of the Social Security Administration's decision denying her application for Social Security Disability Insurance benefits for lack of disability. *See generally* Compl./Pet. for Review (Dkt. 1). This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. ADMINISTRATIVE PROCEEDINGS

    On October 28, 2014, Petitioner Gracie Atkinson ("Petitioner") filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning November 20, 2013. This claim was initially denied on May 12, 2015 and, again, on reconsideration on August 5, 2015. On September 14, 2015, Petitioner timely filed a Request for Hearing. On April 20, 2017, Administrative Law Judge ("ALJ") David Willis held a hearing in Boise, Idaho, at which time Petitioner, represented by attorneys Jason K. Baril and Dale Robbins, appeared and testified. Impartial vocational expert Sara Statz also appeared and testified.

**MEMORANDUM DECISION AND ORDER - 1**

On August 2, 2017, the ALJ issued a Decision denying Petitioner's claims, finding that she was not disabled within the meaning of the Social Security Act. Petitioner timely requested review from the Appeals Council and, on May 23, 2018, the Appeals Council denied Petitioner's Request for Review, making final the ALJ's Decision.

Having exhausted her administrative remedies, Petitioner timely filed the instant action, arguing generally that "[t]he agency committed error of law by denying Appeals Council review of the decision by the Administrative Law Judge, or otherwise to deny relief that was within the authority of the Appeals Council"; "[she] is disabled"; and "[t]he conclusions and findings of fact of the Defendant are not supported by substantial evidence and are contrary to law and regulation." Compl./Pet. for Review, p. 2 (Dkt. 1). Specifically, Petitioner claims that (1) "[t]he [residual functional capacity assessment] is unsupported by substantial evidence because it is not supported by medical opinion evidence and the ALJ failed to fully and fairly develop the record by not obtaining such evidence"; and (2) "[t]he ALJ failed to properly evaluate Plaintiff's allegations regarding the functionally limiting effects of her symptoms." Pet.'s Brief, pp. 1, 12-18 (Dkt. 14). Petitioner therefore requests that the Court either reverse the ALJ's Decision and find that she is entitled to disability insurance benefits and supplemental security income or, alternatively, remand the case for further proceedings and award attorneys' fees. *See id*. at p. 18; *see also* Compl./Pet. for Review, p. 2 (Dkt. 1).

## II. <u>STANDARD OF REVIEW</u>

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. *See* 42 U.S.C. § 405(g); *Matney ex. rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings as to any question of fact, if supported by substantial evidence, are conclusive. *See* 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual

**MEMORANDUM DECISION AND ORDER - 2**

decisions, they must be upheld, even when there is conflicting evidence. *See Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

"Substantial evidence" is understood to be such relevant evidence as a reasonable mind might accept as adequate to support an ALJ's finding/conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance (*see Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

As to questions of fact, the Court's role is to review the record as a whole to determine whether it contains evidence allowing a reasonable mind to accept the conclusions reached by the ALJ. *See Richardson*, 402 U.S. at 401. The ALJ is responsible for determining credibility and resolving conflicts within the medical testimony (*see Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984)), resolving any ambiguities (*see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)), and drawing inferences logically flowing from the evidence contained in the record (*see Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)). Where the evidence is susceptible to more than one rational interpretation, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *See Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

As to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *See Matney*, 981 F.2d at 1019. At the same time, the ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id*. However, reviewing federal courts "will not rubber-stamp an administrative decision that

**MEMORANDUM DECISION AND ORDER - 3**

is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *See Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III. <u>DISCUSSION</u>

#### A.     Sequential Process

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (*see* 20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (*see* 20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves doing significant physical or mental activities. *See* 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. *See* 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant has engaged in SGA, disability benefits are denied, regardless of how severe her physical/mental impairments are and regardless of her age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Petitioner "has not engaged in substantial gainful activity since November 20, 2013, the alleged onset date." (AR 15).

The second step requires a determination of whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. *See* 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of

impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. *See* 20 C.F.R. §§ 404.1521, 416.921. If there is no severe medically determinable impairment or combination of impairments, benefits are denied. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the ALJ found that Petitioner has the following severe impairments: "degenerative dis disease of the lumbar spine, a left hip labral tear, type II diabetes mellitus with mononeuritis, a depressive disorder, and an anxiety disorder." (AR 16).

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *See id*. Here, the ALJ concluded that Petitioner's above-listed impairments, while severe, do not meet or medically equal, either singly or in combination, the criteria established for any of the qualifying impairments. *See* (AR 16-19).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. *See* 20 C.F.R. §§ 404.1545, 416.945. On this point, the ALJ concluded:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can lift, carry, push, or pull 20 pounds occasionally and 10 pounds frequently. She can sit, stand, or walk each for six hours in an eight-hour workday. After 45-60 minutes of sitting, she would need to be able to stand

or walk for 10 to 15 minutes throughout the workday. If she is walking for 45 to 60 minutes, she would need to be able to sit for 10 to 15 minutes throughout the workday She can occasionally climb ramps and stairs, but she can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, and kneel. She can never crouch or crawl. She can never be exposed to unprotected heights, moving mechanical parts, or operating a motor vehicle as part of the employment. She should avoid concentrated exposure to vibration, defined as less than occasional, incidental exposure during the workday. She is limited to performing simple, routine, and repetitive tasks, but not at a production rate such as assembly line type work. She is limited to simple work-related decisions utilizing her judgment or dealing with changes in the work setting. In addition to normal breaks, she would be off task five-percent of the day for additional rest breaks and she can be absent one day per month.

(AR 19).

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of her impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). Here, the ALJ found that Petitioner is unable to perform any past relevant work but that, considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform, including routing clerk, router, and ticket seller. *See* (AR 26-28). Therefore, the ALJ concluded that Petitioner "has not been under a disability, as defined by the Social Security Act, from November 20, 2013, through the date of this Decision." (AR 28).

**B.     Analysis**

Petitioner argues that the ALJ committed the following errors in concluding that she is not disabled under the Social Security Act: (1) the ALJ's RFC finding is not supported by substantial evidence because (a) it is not supported by medical opinion evidence, and (b) the ALJ failed to fully and fairly develop the record by not obtaining such evidence; and (2) the ALJ

erred in his adverse credibility finding as to Petitioner. *See generally* Pet.'s Brief, pp. 12-18 (Dkt. 14). As explained to follow, the undersigned agrees that the ALJ's RFC is not supported by substantial evidence. Accordingly, the Court need not reach the remaining issue.

"In Social Security cases, the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (internal citations omitted) ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them."). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal quotation marks and citations omitted). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

Here, the ALJ found that Petitioner has severe impairments of degenerative disc disease of the lumbar spine, a left hip labral tear, type II diabetes mellitus with mononeuritis, a depressive disorder, and an anxiety disorder. *See* (AR 16). Although the non-examining disability determination consultants (Ward Dickey, M.D., Michael Dennis, Ph.D., P. Michael O'Brien, M.D., and Mack Stephenson, Ph.D.) found the evidence insufficient to evaluate Petitioner's claims (*see* (AR 85-86, 96-98)), the ALJ proceeded, setting forth an RFC that he believed accounted for limitations from Petitioner's impairments, as stated below:

> The undersigned accords little weight to the conclusion that there is insufficient evidence. The claimant has submitted additional evidence in this case and the undersigned concludes that there is sufficient evidence in the record to make a

**MEMORANDUM DECISION AND ORDER - 7**

> decision regarding disability. However, the undersigned accords great weight to the summary and analysis of the evidence that these consultants discussed. These consultants thoroughly reviewed the available evidence and wrote detailed explanations of their findings. Moreover, these consultants are knowledgeable regarding Social Security Administration Regulations and policies governing disability.
>
> Considering the claimant's activities of daily living, the treatment records, the opinion evidence, and the subjective complaints and hearing testimony of the claimant, the undersigned finds that the claimant's limitations are not fully disabling, and that the claimant retains the capacity to perform work activities with the limitations set forth above.
>
> In sum, the above residual functional capacity assessment is supported by the medical evidence of record and by the lack of objective findings to support the claimant's allegations of impairment.

(AR 26). In other words, the ALJ disagreed with the conclusions of the State consulting physicians about insufficient evidence and instead relied on his own review of the raw medical data to independently (1) find that Petitioner's physical and mental impairments would result in specific work-related restrictions, and (2) formulate the RFC to address those impairments. This is error because the ALJ's lay interpretation of the medical evidence does not constitute substantial evidence in support of the RFC.[1]

It may be true that that the ALJ presented a detailed summary of the medical evidence touching on Petitioner's impairments. *See* (AR 20-26). But the question presented in this case is whether the ALJ then erred in failing to develop the record by obtaining a physician's opinion as to the work-place limitations that would follow from Petitioners impairments, and, relatedly,

---

[1] As an initial matter, Respondent argues that Petitioner waived this argument by failing to raise the issue at the administrative hearing. *See* Respt's Brief, p. 6 (Dkt. 16) (citing *Meanel v. Apfel*, 172 F.3d 111, 115 (9th Cir. 1999)). *Meanel*, however, concerned new statistical evidence not available to the ALJ; in contrast, here, Petitioner is not presenting additional evidence or information not available to the ALJ. *See Vasquez v. Comm'r of Soc. Sec.*, 2019 WL 3714565 (E.D. Cal. 2019) (rejecting waiver argument in similar context). Moreover, as Petitioner points out, the issue of whether the ALJ should have further developed the record by obtaining a consultative examination *was* presented to the Appeals Council. *See* Pet.'s Reply, p. 2 (Dkt. 17) (citing *Sims v. Apfel*, 530 U.S. 103, 105-06 (2000)).

**MEMORANDUM DECISION AND ORDER - 8**

whether the ALJ's RFC was supported by substantial evidence without such an opinion. Although not binding, the Court is aided by the decision in *Molina v. Berryhill*, 2018 WL 6421287 (E.D. Cal. 2018).[2] There, the district court remanded the case to the ALJ to obtain a consultative examination by a physician who had access to the plaintiff's medical records, explaining:

> While the ALJ discussed the medical evidence subsequent to plaintiff's May 2014 attack and injuries, *she made an independent evaluation of the diagnosed impairments on plaintiff's ability to work on a function-by-function basis.  See Stevenson v. Colvin*, 2:15-cv-0463 CKD (E.D. Cal. Oct. 27, 2015), at 6-7. The ALJ found the effects of any such impairments negligible, such that they did not alter the February 2014 functional assessment of Dr. Crowhurst.  *Under the circumstances, however, the ALJ's duty to further develop the record was triggered, warranting a consultative examination by a physician who had access to plaintiff's medical records through the May 2014 incident and its aftermath.  See Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) ("An ALJ cannot arbitrarily substitute his own judgment for competent medical opinion . . . and must not succumb to the temptation to play doctor and make . . . independent medical findings."). In *Stevenson*, *supra*, the undersigned concluded from similar facts that "the ALJ improperly interpreted the treating records that were available and made an RFC determination based on that raw medical data.  Accordingly, the ALJ committed prejudicial error that invalidated his physical RFC findings." *Id*. at 8 (collecting cases); *see also Rivera v. Berryhill*, 2017 WL 5054656, *4 (C.D. Cal. Oct. 31, 2017) (ALJ "may not act as his own medical expert as he is 'simply not qualified to interpret raw medical data in functional terms.'") (quoting *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999)).
>
> *Based on the foregoing, the undersigned concludes that the RFC is not supported by substantial evidence and plaintiff is entitled to summary judgment on this basis*.

*Molina*, 2018 WL 6421287 at *4; ) (emphasis added); *see also Shipp v. Colvin*, 2014 WL 4829035, *7 ("Since, apart from Dr. Kim's Opinions, the record contains no assessment by a treating or examining doctor regarding the effect of plaintiff's physical impairments on her ability function, it appears that the ALJ's physical residual functional capacity assessment was erroneously based solely on the ALJ's own, lay interpretation of plaintiff's testimony and other

---

[2] This Memorandum Decision and Order tracks the handling of similar issues presented in *Vasquez*, 2019 WL 3714565, which, likewise, relies on *Molina*.

**MEMORANDUM DECISION AND ORDER - 9**

raw medical evidence in the record.") (citing *Penny v. Sullivan*, 2 F.3d 953, 958 (9th Cir. 1993) ("Without a personal medical evaluation it is almost impossible to assess the residual functional capacity of any individual."); *Nelson v. Heckler*, 712 F.2d 346, 348 (8th Cir. 1983) (per curiam) ("[T]o attempt to evaluate disability without personal examination of the individual and without evaluation of the disability as it relates to the particular person is medical sophistry at its best.") (internal quotation marks and citation omitted)).

The same conclusion applies here – the ALJ disregarded and departed from the Disability Determination assessments by finding that there *is* sufficient evidence in the record to make a disability determination before making his own assessment of how Petitioner's impairments would affect her ability to work. In this setting, the Court concludes that the ALJ's RFC is not supported by substantial evidence in that there is an insufficient basis to conclude that the RFC's limitations accurately reflect the work limitations associated with the physical and mental impairments found by the ALJ. Even if well-intentioned, the ALJ erred by failing to fully develop the record by obtaining an appropriate medical opinion regarding what work-related limitations arise from Petitioner's physical and mental impairments.

The Court thus directs the ALJ upon remand to further develop the record by obtaining a consultative examination by a physician regarding Petitioner's physical and mental impairments and obtaining the physician's opinion regarding what work-related limitations are necessary to account for these impairments. With the benefit of that opinion, the ALJ shall reconsider his conclusion that there are jobs that exist in significant numbers in the national economy that Petitioner can perform (in addition to Petitioner's credibility, if necessary). To be clear, the Court expresses no opinion regarding how the evidence should ultimately be weighed, or any ambiguities or inconsistencies in the record resolved, on remand. The ALJ may find Petitioner disabled; or may find Petitioner eligible for some type of closed period of disability benefits; or

may find that Petitioner was never disabled – so long as the ALJ reaches that decision consistent with applicable legal standards and supported by the record as a whole.

## IV.  **ORDER**

Based on the foregoing, Petitioner's request for review is GRANTED and this matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Decision and Order.  *See Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

DATED: August 26, 2019

_____
Ronald E. Bush
Chief U.S. Magistrate Judge